UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RONALD I. CHORCHES, TRUSTEE,

    Plaintiff,

    v.

THE CATHOLIC UNIVERSITY OF AMERICA

    Defendant.

No. 3:16-cv-1964(MPS)

October 16, 2017

**RULING ON DEFENDANTS' MOTIONS TO DISMISS**

Ronald I. Chorches, the Chapter 7 Trustee for the Bankruptcy Estate of James V. Franzese and Kristin E. Franzese, originally commenced this action as an adversary proceeding in the Bankruptcy Court, District of Connecticut. (ECF No. 7-1 at 24.) On July 19, 2016 Catholic University filed a motion to withdraw the reference to the Bankruptcy Court, which I granted on November 30, 2016. (ECF Nos. 1, 6.) The plaintiff alleges that the debtors fraudulently transferred funds to Catholic University as payments for their daughter's tuition within the relevant statutory periods prior to voluntarily filing for bankruptcy. He alleges that this violated both 11 U.S.C. § 548(a)(1)(B) (count 1 of the complaint) and Conn. Gen. Stat. §§ 52-552e(a)(2) and 52-552f(a) (count 2 of the complaint). Catholic University moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6). For the reasons below, I GRANT the motion to dismiss on both claims, with leave to replead.

    **I.    Background**

For all times relevant for this action, Julia Franzese, James and Kristin Franzese's daughter, was more than 18 years old. (ECF No. 7-1 at 24.) She was a student at Catholic University from August 2011 to August 2014. (*Id.* at 25.) The plaintiff alleges that for that entire period, James and

1

Kristin had "unreasonably small capital to operate" and "were unable to pay their debts as they became due." (*Id.*) The plaintiff alleges that James and Kristin paid Catholic University $64,845.50 for Julia's tuition between September 2011 and June 2014. (*Id.* at 27–28.) They paid $30,659.50 of this amount between September 2013 and June 2014. (*Id.* at 26.) Nevertheless, the plaintiff alleges that at the time of these payments, the debtors "were engaged in a business or transaction, or were about to engage in a business or transaction, for which any property remaining with [them would have been] an unreasonably small amount of capital" and that they "intended to incur, or believed that they would incur, debts that would be beyond their ability to pay as such debts matured." (*Id.* at 27.)

On August 24, 2015, James and Kristin Franzese filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code. (*Id.* at 24.) The plaintiff, as the trustee for the debtors' estate, has sued Catholic University for the amount the debtors paid in tuition during the two-year period prior to filing for bankruptcy under the United States Bankruptcy Code and the prior four-year period under the Connecticut Uniform Fraudulent Transfer Act. (ECF No 7-1 at 26–29.) He alleges that the debtors received "less than [the] reasonably equivalent value" in exchange for these payments and that the payments therefore were "constructively fraudulent transfers." (*Id.*)

**II.     Standard**

Under Fed. R. Civ. P. 12(b)(6), the Court must determine whether the Plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under *Twombly*, the Court accepts as true

all of the complaint's factual allegations when evaluating a motion to dismiss. *Id*. at 572. The Court must "draw all reasonable inferences in favor of the non-moving party." *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008). "When a complaint is based solely on wholly conclusory allegations and provides no factual support for such claims, it is appropriate to grant defendant's motion to dismiss." *Scott v. Town of Monroe*, 306 F. Supp. 2d 191, 198 (D. Conn. 2004). For a complaint to survive a motion to dismiss, "[a]fter the court strips away conclusory allegations, there must remain sufficient well-pleaded factual allegations to nudge plaintiff's claims across the line from conceivable to plausible." *In re Fosamax Products Liab. Litig.*, 2010 WL 1654156, at *1 (S.D.N.Y. Apr. 9, 2010). In other words, "a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Vega v. Hempstead Union Free Sch. Dist.,* 801 F.3d 72, 86 (2d Cir. 2015) (internal quotation marks and citation omitted). A claim of constructive fraudulent transfer (i.e., one not relying on fraudulent intent) must be pled in accordance with Rule 8(a), rather than the heightened Rule 9(b) standard for fraud claims. *In re Bernard L. Madoff Inv. Sec. LLC*, 454 B.R. 317, 332 (Bankr. S.D.N.Y. 2011).

**III.    Analysis**

In Count One of the complaint, the plaintiff seeks to avoid the $30,659.50 of payments made to Catholic University within two years of the debtors' petition under 11 U.S.C. § 548(a)(1)(B). To prevail on an 11 U.S.C. § 548(a)(1)(B) constructively fraudulent transfer claim, the plaintiff must prove that: "(1) the debtor was insolvent on the date that the transfer was incurred or became insolvent as a result of the transfer; (2) a transfer of that interest occurred within two years of the filing of the bankruptcy petition; (3) the debtor was insolvent at the time of the transfer or became insolvent as a result of the transfer; and (4) the debtor received less than *reasonably*

3

*equivalent value* in exchange for the transfer." *Clinton Cty. Treasurer v. Wolinsky*, 511 B.R. 34, 38 (N.D.N.Y. 2014) (emphasis added).

In Count Two of the complaint, the plaintiff seeks to avoid the $64,845.50 of payments made to Catholic University within four years of the debtors' petition under Conn. Gen. Stat. §§ 52-552e and 52-552f(a). These provisions implement the Uniform Fraudulent Transfers Act. § 52-552e(a)(2) states:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, if the creditor's claim arose before the transfer was made or the obligation was incurred and if the debtor made the transfer or incurred the obligation . . . without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor (A) was engaged or was about to engage in a business or a transaction for which the remaining assess of the debtor were unreasonably small in relation to the business or transaction, or (B) intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

*Id.* And § 52-552f(a) states:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

*Id.* Connecticut courts analyze these two provisions together, as a single claim. *Gen. Landscaping, LLC v. JPA2, Inc.*, No. HHDCV126035889S, 2015 WL 1244572, at *8 (Conn. Super. Ct. Feb. 25, 2015).

In its motion to dismiss, Catholic University does not contest that the Franzeses were financially distressed or that the Franzeses in fact made these payments. (*See* ECF No. 7-1 at 6.) It argues only that the Franzeses made these payments for a clear reasonably equivalent value— the value of their daughter's education. (*Id.* at 7.) It argues that the tuition payments benefited them because their daughter remained part of their single economic unit, while she was under the age of twenty-four and attending college. (*Id.* at 10–14.) The plaintiff argues that the meaning of

4

reasonably equivalent value is necessarily one of economic value, not sentimental or personal psychic value, and payment of their daughter's tuition did not benefit the Franzeses economically. (ECF No. 13 at 4–8.) He also argues that the defendant's "single economic unit" theory has no basis in law. (*Id.* at 10–11.) I find it unnecessary to reach these arguments at this stage because the plaintiff has pled *no* facts to support the contention that the Franzeses were financially distressed when they made the alleged payment. The complaint therefore does not satisfy the requirements of *Iqbal* and *Twombly*.

Although insolvency is a required element under both 11 U.S.C. § 548(a)(1)(B) and Conn. Gen. Stat. §§ 52–552e and 52–552f(a), the plaintiffs merely recite the statutory language in their complaint on this issue. (ECF No. 7-1 at ¶¶ 7–9, 3–4[1] ¶¶ 17–19, 6 ¶¶ 16–18) ("During the entire period from August 2011 through August 2014, the Debtors were insolvent. From August 2011 through August 2014, the Debtors had unreasonably small capital to operate. From August 2011 through August 2014, the Debtors were unable to pay their debts as they became due.") ("At the time of the CUA Two-Year Transfers, the Debtors were insolvent, or became insolvent as a result of the CUA Two-Year Transfers. At the time of the CUA Two-Year Transfers, the Debtors were engaged in a business or transaction, or were about to engage in a business or transaction, for which any property remaining with the Debtors was an unreasonably small amount of capital. At the time of the CUA Two-Year Transfers, the Debtors intended to incur, or believed that they would incur, debts that would be beyond their ability to pay as such debts matured.") ("The CUA Four-Year Transfers were effectuated when the Debtors were engaged, or were about the engage, in a business or transaction for which the remaining assets of the Debtors were unreasonably small

---

[1] I refer to these paragraphs by both their page and paragraph number because the plaintiffs repeat paragraph numbers for each of the two counts of their complaint.

in related to the business or transaction.") These allegations simply regurgitate the language in the statutes. 11 U.S.C. § 548(a)(1)(B); Conn. Gen. Stat. §§ 52-552e, 52-552f(a).

As the Bankruptcy Court for the District of Connecticut recently held, such bare-bones allegations of financial insolvency are inadequate under *Twombly*. In *In re Sagarino*, the bankruptcy court wrote that:

> The Complaint alleges, "During the entire period from August, 2014 through May, 2016, the Debtor was insolvent or became insolvent in consequence of the transfers described following; and/or was engaged in or about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; and/or intended to incur, or then believed that he would incur, debts that would be beyond his ability to pay as such debts matured." These bare assertions "amount to nothing more than a formulaic recitation of the element" of insolvency. *Iqbal*, [556 U.S. at 681]. Setting these allegations aside, a reading of the remainder of the Complaint readily reveals that the Trustee failed to plead any subordinate facts showing that the Defendant was insolvent under any of the financial tests under Section 548(a)(1)(B) or CUFTA. As the Trustee has alleged no facts supporting the element of insolvency, he cannot show that avoidance of the transfers under a theory of constructive fraud is plausible.

No. 16-21218 (JJT), 2017 WL 3865625, at *3 (Bankr. D. Conn. Aug. 29, 2017). The plaintiff's complaint in this case contains nearly identical statements of insolvency, and, similarly, the plaintiff provides no further factual allegations to support the claim. As such, the complaint is insufficient on its face. *Iqbal*, 556 U.S. at 681.

Although the defendant does not challenge this deficiency in the memorandum of law support its motion to dismiss (ECF No. 7-1 at 6), I will not ignore the plaintiff's failure to plead any facts to support the insolvency requirement of either statute. Without pleading facts to support this statutory prong, necessary on both claims of the complaint, I cannot make a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**IV. Conclusion**

Because the plaintiffs have failed to plead more than conclusory iteration of the statutory standard for the insolvency prong required under both 11 U.S.C. § 548(a)(1)(B) and Conn. Gen.

Stat. §§ 52-552e and 52-552f(a), I GRANT the defendant's motion to dismiss on both claims under Rule 12(b)(6) without prejudice and with leave to replead.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
October 16, 2017